UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 18-50-DLB-CJS

JEFFREY GUILKEY                                                                                              PLAINTIFF

v.                                         **MEMORANDUM ORDER**

COMMERCIAL TRUCK & VAN EQUIPMENT, INC.                                                    DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the Motion to Alter Judgment filed by Defendant Commercial Truck & Van Equipment, Inc. ("Commercial") (Doc. # 119). On March 22, 2021, the Court entered a Memorandum Opinion and Order denying in relevant part Commercial's motion for summary judgment. (Doc. # 117). In that Order, the Court held that genuine issues of material fact remain regarding whether the pickup truck that Commercial assembled was defective, thereby causing the tailgate on the truck to collapse underneath Plaintiff Guilkey. (*Id.*) In the memorandum supporting its present Motion, Commercial asks that this Court "alter or amend its holding as to Guilkey's strict liability and negligence claims due to a clear error of law and a failure to properly apply controlling precedent." (Doc. # 119-1 at 1). For the reasons set forth herein, the Motion is **stricken**.

As an initial matter, Commercial's Motion is improperly styled as a Motion to Alter Judgment under Federal Rule of Civil Procedure 59(e). Under Rule 59(e), a court may alter a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Clark v.*

1

*United States*, 764 F.3d 653, 661 (6th Cir. 2014).  However, Rule 59(e) does not apply to an interlocutory order such as the one denying Commercial's Motion for Summary Judgment (Doc. # 117).  *See Cameron v. Ohio*, 344 F. App'x 115, 117-18 (6th Cir. 2009); *Horn v. City of Covington*, No. 14-cv-73-DLB-CJS, 2019 WL 2344773, at *5 (E.D. Ky. June 3, 2019); *Tarter v. AP/AIM Rivercenter Suites, LLC*, No. 16-cv-78-DLB-CJS, 2019 WL 114468, at *3 (E.D. Ky. Jan. 4, 2019).  Rather, Commercial's Motion is "effectively a renewed motion for summary judgment and 'the district court [is] therefore free to reconsider or reverse its decision for any reason.'"  *Cameron*, 344 F. App'x at 118 (internal brackets omitted) (quoting *Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005)).

The Court declines to review the merits of Commercial's construed Renewed Motion for Summary Judgment.  Commercial has submitted its Renewed Motion more than seven months after the deadline to file dispositive motions, (*see* Doc. # 62 at 2), and without seeking leave of court.  "[B]ased on the district court's power to manage its own docket, the court [has] ample discretion to strike Defendant['s] late renewed motion for summary judgment."  *ACLU of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010).  "In deciding whether to entertain an untimely renewed motion for summary judgment, courts typically apply Federal Rule of Civil Procedure 16(b), which prohibits modification of a scheduling order 'except upon a showing of good cause and by leave of the district court.'"  *Horn*, 2019 WL 2344773, at *5 (quoting Fed. R. Civ. P. 16(b)) (collecting cases).  Commercial makes no attempt to demonstrate good cause for its late filing.  Moreover, Commercial's seven-month delay in filing its Renewed Motion exhibits a lack of diligence, which is the "primary measure" of compliance with Rule 16's good cause standard.

*Andretti v. Borla Performance Indus.*, 426 F.3d 824, 830 (6th Cir. 2005) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).  Indeed, delays of similar length have been deemed excessive in this context.  *See Kay v. United of Omaha Life Ins. Co.*, 709 F. App'x 320, 326-27 (6th Cir. 2017).

In addition, Commercial's Renewed Motion consists of arguments that could and should have been presented in its initial motion for summary judgment.  For instance, the case that Commercial now claims is "dispositive," *Greene v. B.F. Goodrich Avionics Systems, Inc.*, 409 F.3d 784, 788 (6th Cir. 2005), (Doc. # 119-1 at 1), appears nowhere in Commercial's first set of summary judgment briefs.  In another example, Commercial in its Renewed Motion theorizes for the first time that the clanging sound heard by bystanders came not from the tailgate smacking against the back of the truck but from Guilkey's feet coming into contact with the tailgate as he fell. (Doc. # 119-1 at 4).  These new arguments, made after the Court has denied summary judgment, are not well taken.  This Court reached a similar result in *Horn*, where it observed that the defendant's "decision to wait until after an adverse decision on the merits to file his renewed motion for summary judgment suggests that he has not acted in good faith."  2019 WL 2344773, at *5.  Accordingly,

**IT IS ORDERED** that Defendant's construed Renewed Motion for Summary Judgment (Doc. # 119) is **STRICKEN**.

This 15th day of April, 2021.



Signed By:
*David L. Bunning*  DB
United States District Judge